107 F.3d 11
 Pens. Plan Guide (CCH) P 23932C
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas L. COLALUCA, Plaintiff-Appellant,
v.
CLIMACO, CLIMACO, SEMINATORE, LEFKOWITZ, & GAROFOLI CO.,
L.P.A., et al., Defendants-Appellees.
 No. 95-3326.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: SILER and COLE, Circuit Judges and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Thomas L. Colaluca appeals the magistrate judge's grant of summary judgment in favor of the defendants in his action alleging that the defendants violated the Employee Retirement Income Security Act in administering a profit-sharing plan in which Colaluca was a participant. The defendants in this case include a limited partnership known as Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.; the partnership's profit-sharing plan; and three members of the Plan's Administrative Committee, Michael L. Climaco, John A. Peca and Dennis R. Wilcox. For the following reasons, we AFFIRM the judgment of the magistrate judge.
 
 I.
 
 2
 Thomas L. Colaluca ("Colaluca") was employed by the law firm of Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A. ("Climaco") from 1978 to 1991. During his employment with Climaco, Colaluca participated in a profit-sharing plan ("the Plan") that was established and administered by the law firm pursuant to the Employee Retirement Income Security Act ("ERISA"). See 29 U.S.C. §§ 1001-1461. This Plan was administered at all relevant times by an Administrative Committee consisting of Michael L. Climaco, John A. Peca and Dennis R. Wilcox.
 
 
 3
 Pursuant to section 9.9 of the Plan, participants were permitted to obtain loans from the Plan as long as the loans were supported by collateral. As collateral, a borrower was required to assign his entire right, title and interest in the profit sharing plan and to execute a promissory note for the amount of the loan. Between 1989 and 1991, Colaluca borrowed money from the Plan on four separate occasions. Colaluca's four respective loans totalled approximately $32,000, and three of the four loans were secured by promissory notes.[1] Each promissory note included a fixed rate of interest, a five percent (5%) late penalty, an increased interest rate of fifteen percent (15%) upon default, and an acceleration clause if any default was not cured within thirty days.
 
 
 4
 Colaluca ultimately defaulted on all four loans. Notices of default were sent to Colaluca, including notice of an opportunity to cure. Colaluca failed to cure the defaults within the thirty-day period so provided. Pursuant to the advice of the Plan's auditors, Plan administrators made deductions from Colaluca's Plan account to satisfy his loan obligations as of December 1991. By December 1992, Colaluca's loans were again in default. Thus, Plan administrators accelerated the notes and deducted the remaining principal and interest from Colaluca's Plan account.
 
 
 5
 On July 15, 1993, Colaluca filed this action alleging that the defendants breached their fiduciary obligations under the Plan and ERISA.[2] Colaluca argued that neither the Plan documents, promissory notes nor the provisions of ERISA granted the administrators the authority to deduct his outstanding debt from his Plan account. Following the filing of motions for summary judgment by the parties, the magistrate judge granted judgment in favor of Colaluca. The defendants thereafter moved the magistrate judge to reconsider her ruling.
 
 
 6
 The magistrate judge, on February 9, 1995, granted the defendants' motion for reconsideration, vacated her prior ruling, and granted summary judgment in the defendants' favor. Applying the arbitrary and capricious standard to the actions of the Plan administrators, the magistrate judge concluded that the administrators acted reasonably under the language of the Plan.
 
 
 7
 On appeal, Colaluca contends that the magistrate judge erred by: (1) applying the arbitrary and capricious standard of review to the administrators' actions, and (2) granting summary judgment in favor of the defendants.
 
 II.
 
 8
 We review de novo the magistrate judge's grant of summary judgment, using the same standard employed by the magistrate judge. See Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding upon a motion for summary judgment, we must draw all reasonable inferences from the underlying facts in favor of the non-moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 III.
 
 9
 Colaluca first contends that the magistrate judge erred by applying an inappropriate standard of review to the administrators' actions under the Plan. Specifically, Colaluca argues that the magistrate judge should have reviewed the Plan administrators' conduct de novo because the Plan's provisions do not confer sufficient discretionary authority upon them to invoke the arbitrary and capricious standard of review. However, because the Plan documents clearly accord the Plan administrators broad authority to control and manage the operation of the Plan, the magistrate judge correctly applied the arbitrary and capricious standard to review their conduct.
 
 
 10
 In reviewing a plan administrator's actions under ERISA, a trial court should apply the deferential arbitrary and capricious standard of review if the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Perry v. Simplicity Eng'g, 900 F.2d 963, 965 (6th Cir.1990). However, absent a clear grant of such discretion to a plan administrator, the arbitrary and capricious standard is not appropriate. See Anderson v. Great West Life Assurance Co., 942 F.2d 392, 394 (6th Cir.1991). In the present case, the clear language of the Plan grants its administrators sufficient discretionary authority to permit the arbitrary and capricious standard of review. See Bruch, 489 U.S. at 115. Pursuant to section 2.10, the Plan provides:
 
 
 11
 The [Administrative] Committee shall have the duty and authority to interpret and construe the provisions of this Plan to decide any disputes which may arise with regard to the rights of Employees, Participants, and their legal representatives or beneficiaries under the terms of this Plan and in general to direct the administration of this Plan....
 
 
 12
 (emphasis added). In addition, at Section 2.4, the Plan states that:
 
 
 13
 The decision of the [Administrative] Committee in matters within its jurisdiction shall be final, binding and conclusive upon ... each Employee, Participant or Beneficiary and every other person or party interested or concerned.
 
 
 14
 (emphasis added). Thus, the Plan confers authority on its administrators to interpret and apply its provisions; to resolve disputes arising under it; and to issue "final, binding and conclusive" decisions regarding all matters within its purview. Considering the breadth of the administrators' discretionary authority to construe and apply the Plan's provisions, we hold that the magistrate judge did not err in reviewing their actions under the arbitrary and capricious standard of review. See Bruch, 489 U.S. at 115; see also Perry, 900 F.2d at 965.
 
 IV.
 
 15
 Colaluca next contends that the magistrate judge, reviewing the defendants' actions de novo or reviewing them under the arbitrary and capricious standard of review, erred in granting summary judgment in the defendants' favor. First, Colaluca claims that the Plan administrators acted arbitrarily and capriciously when they accelerated his loans without accelerating the loans of other borrowers whose loans were in default. Second, Colaluca claims that the administrators acted arbitrarily and capriciously when they seized a portion of his Plan account balance and applied the proceeds to satisfy the arrearages on his promissory notes. He claims that the seizure was improper because it was not expressly authorized under the Plan's provisions. We disagree.
 
 
 16
 We initially note that the arbitrary and capricious standard "is the least demanding form of judicial review...." Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 693 (6th Cir.1989), cert. denied, 495 U.S. 905 (1990). If the court can discern "a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious." Id. Thus, in reviewing the defendants' actions under this standard, we examine only whether the defendants acted reasonably, not whether there were other permissible courses of conduct. See Shull v. State Mach. Co. Inc. Employees Profit Sharing Plan, 836 F.2d 306, 308 (7th Cir.1987); see also Davis, 887 F.2d at 693.
 
 
 17
 We believe that the Plan administrators acted reasonably in accelerating Colaluca's loans. The promissory notes accompanying each of Colaluca's loans authorized the acceleration of a loan once it was in default for more than thirty days. Because Colaluca does not dispute the fact that his loans were in default or that he failed to cure the defaults within thirty days, the administrators acted properly in accelerating his debt. Also, contrary to Colaluca's assertions, the Plan administrators did not arbitrarily accelerate his loans and overlook the other borrowers' defaults. As the magistrate judge noted, Colaluca was the only borrower who failed to bring his debts current at the end of 1991 and 1992. Thus, the acceleration of his loans was due to his failure to bring his accounts current and not due to any arbitrary or capricious conduct of the Plan administrators.
 
 
 18
 Similarly, we believe that the administrators acted reasonably in seizing Colaluca's vested interest in the Plan to satisfy the debt of principal and interest then due on his loans. In Shull v. State Mach. Co. Inc. Employees Profit Sharing Plan, 836 F.2d 306 (7th Cir.1987), the Seventh Circuit Court of Appeals addressed circumstances similar to the present case and held that the administrators of a profit-sharing plan could deduct a plan participant's loan obligations from his vested benefits in the plan. Id. at 308. In that case, Shull borrowed $50,000 from his employer's profit-sharing plan and, pursuant to the loan agreement, promised to repay the loan at the end of five years. Id. at 307. The loan agreement provided that, in the event of a default, the amount in default would be deducted from Shull's accrued benefits in the profit-sharing plan. Id. However, the agreement made no explicit reference to security for the loan and did not provide for acceleration of the debt in the event of default. Id. at 307, 308. Six weeks after Shull received the loan, he was fired. Id. at 307. The plan administrators then accelerated the outstanding principal of Shull's loan, deducted that amount from his plan account, and distributed the balance of the account to him. Id. Even though Shull had not defaulted on the loan and the loan agreement made no provision for security or acceleration, the Seventh Circuit held that the plan administrators' actions were reasonable. Id. at 308. Writing for the court, Judge Posner stated
 
 
 19
 The trustees found, in effect, that the agreement implicitly provided for acceleration of the loan if the borrower withdrew his benefits under the plan. Equivalently they found that the borrower's accrued benefits were intended to collateralize the loan; if so, withdrawal of the benefits would be a default and make the loan come due. Either way, the trustees' interpretation was reasonable....
 
 
 20
 Id. at 308.
 
 
 21
 Applying the Shull court's reasoning here, we believe that the administrators did not act unreasonably in seizing a portion of Colaluca's vested interest in that Plan to satisfy his loan obligations. Unlike the plaintiff in Shull, Colaluca had defaulted on all four of his loans by the time that Plan administrators seized a portion of his account balance. Additionally, whereas the loan agreement in Shull made no provisions for acceleration of a participant's loan upon default, each of the promissory notes accompanying Colaluca's loans specifically provided for acceleration of a borrower's debt if the participant was in default for more than thirty days. Similarly, whereas the agreement in Shull did not specify the security for the borrower's loan, section 9.9(c) of the Plan in the present case states that a participant assigns his "entire right, title and interest in and to the Trust Fund ..." as collateral for any loans the participant makes from the Plan. Thus, if it was reasonable for the administrators in Shull to seize the borrower's plan account in the absence of a default, acceleration clause or an express statement of collateral, then it was clearly reasonable for the administrators in the present case to deduct a portion of Colaluca's vested interest in the Plan to satisfy his outstanding loan obligations. Although neither the Plan itself nor Colaluca's promissory notes expressly provides for a "self-help" remedy, Colaluca's assignment of his Plan account as collateral for his loans, coupled with his repeated defaults, supports the Plan administrators' seizure of a portion of his Plan account to cover the unpaid principal and interest due on the loans. See Shull, 836 F.2d at 308.
 
 V.
 
 22
 For the foregoing reasons, the magistrate judge's grant of summary judgment in favor of the defendants is AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Colaluca signed promissory notes for three of the four loans. Although Colaluca never signed a promissory note for the fourth loan, he does not dispute that he made the loan. Furthermore, the fourth loan is evidenced by a canceled check bearing the notation "profit sharing plan." Frank LaManna, the controller for Climaco, testified in his deposition that the terms of the fourth loan were set forth in an unsigned promissory note dated January 1, 1991
 
 
 [2]
 This case was submitted to United States Magistrate Judge Patricia A. Hemann upon consent of the parties. See 28 U.S.C. § 636. The parties also agreed to submit any appeal of the magistrate judge's decision directly to this court